UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE BRYANT (#57773-180) | DOCKET NO. 09-CV-1222; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| J. KEEFER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a *pro se* complaint of Plaintiff Terrance Bryant, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act on July 20, 2009. Plaintiff is an inmate in the custody of the United States Bureau of Prisons (BOP) and he is currently incarcerated at Federal Correctional Institute - Butner in Butner, North Carolina. He complains of a denial of proper medical care and malpractice while incarcerated at the United States Penitentiary in Pollock, Louisiana (USPP). He names as defendants Warden Joe Keefer, JP Young, J. Alexandre, B. Bacon, P. Nordstrom, S. Villalon, B. Sherwood, and Physician's Assitant Sonnier.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

U.S.C. §636 and the standing orders of the Court.

**STATEMENT OF THE CASE**

Plaintiff complains that he was deprived of proper medical treatment for over one year while housed at USPP and Oakdale FDC. Plaintiff alleges that he began experiencing pain in his right testicle in July 2006 while housed in Waco, Texas. He was prescribed Ciprofloxacin, which alleviated the swelling. In August 2006, Plaintiff was transferred to USPP. In September 2006, Plaintiff began experiencing pain and swelling in the same testicle. Defendant Bacon examined Plaintiff and prescribed more Ciprofloxacin. In March 2007, the pain and swelling recurred, and Plaintiff was examined by Defendant Nordstrom, who prescribed Ciprofloxacin.

In July 2007, Plaintiff was transferred to Oakdale Federal Detention Center. The nurses at that facility, Defendants Sherwood and Sonnier listened to Plaintiff's medical history and examined Plaintiff. They also prescribed Ciprofloxacin. Plaintiff complained to Sherwood in August 2007 of the same problem and she prescribed more Ciprofloxacin. In September 2007, when the problem recurred, Plaintiff saw Dr. Villalon, who ordered an ultrasound of Plaintiff's testicle. The ultrasound revealed "a hole" in Plaintiff's right testicle as well as a mass. Later, Plaintiff was referred to an outside hospital for an MRI, which showed that cancer was the cause of Plaintiff's pain. Plaintiff's right

testicle was amputated.

Plaintiff requests monetary relief for pain and suffering due to the delay in diagnosing and treating his cancer.

## LAW AND ANALYSIS

Plaintiff alleges violations under the Federal Tort Claims Act and <u>Bivens</u> for alleged inadequate medical care. Plaintiff states generally that the defendants acted with deliberate indifference, but he presents no factually allegations to that effect. The Eighth Amendment deliberate indifference standard has both an objective and subjective component. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). A prison official acts with deliberate indifference only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it. <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006)(quoting <u>Farmer</u>, 511 U.S. at 847). Unsuccessful medical treatment, acts of negligence, or medical malpractice do **not** constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. <u>Id.</u> (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. <u>Id.</u> (citations omitted).

Plaintiff's allegations fall short of the deliberate indifference standard that is necessary to state a claim under the Eighth Amendment. Plaintiff received multiple rounds of antibiotics, an ultrasound, and an MRI that ultimately led to his diagnosis. He does not allege that any of the defendants intentionally treated him incorrectly or ignored his complaints. Plaintiff does not allege any wanton conduct by the defendants. To the extent that Peoples disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that the disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985); Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. See Harris v. Hegman, 198 F.3d 153, 159 (5th Cir. 1999)(citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)).

For the forgoing reasons, Plaintiff's Bivens claim should be dismissed. **However, because Plaintiff appears to have properly exhausted and timely filed his claim under the Federal Tort Claims Act, that claim will be served on the United States of America.**

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Bivens claim be **DENIED and DISMISSED for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b).** Service of Plaintiff's FTCA claim against the United States of America will be ordered forthwith.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).


THUS DONE AND SIGNED at Alexandria, Louisiana, this 21st day of December, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE