UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE BRYANT,<br>　　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:09-CV-01222 |
| VERSUS | |
| WARDEN J. KEFFER,[1] et al.,<br>　　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed by Terrance Bryant ("Bryant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[2] on July 20, 2009 (Doc. 1, 6. The sole remaining defendant is the United States, and the sole remaining claim is Bryant's FTCA claim.[3] Bryant contends the employees of the United States Bureau

---

[1] In his complaint, Bryant misspelled "Keffer" as "Keefer."

[2] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. Martinez v. City of Los Angeles, 141 F.3d 1373, 1383 (9th Cir. 1998). Also, F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998).

[3] Bryant's Bivens claims were dismissed with prejudice, as well as his claims against all of the individual defendants (Doc. 5). The individual defendants named in Bryant's Bivens suit were Warden J. Keffer (warden of the United States Penitentiary at Pollock, Louisiana (USP-Pollock)), Warden J.P. Young (warden of the Federal Detention Center at Oakdale, Louisiana ("FDC-

of Prisons were negligent, deliberately indifferent to his serious medical needs, and denied him appropriate medical care while he was housed in FDC-Oakdale and USP-Pollock. Bryant contends his testicular cancer was misdiagnosed and improperly treated at both USP-Pollock and FDC-Oakdale, ultimately resulting in the amputation of his right testicle. Bryant is presently confined in the FCI-Beaumont Medium in Beaumont, Texas. For relief, Bryant asks for monetary damages, legal fees, court-appointed counsel, punitive damages, and a jury trial (Doc. 1).

Bryant claims that he has exhausted his administrative remedies. The defendant answered the complaint (Doc. 14) and filed a motion for summary judgment (Doc. 20), to which Bryant responded (Doc. 22). The USA then filed a reply with documentary exhibits (Doc. 23). The USA's motion for summary judgment is now before the court for disposition.

## Law and Analysis

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place where the act

---

Oakdale")), J. Alexandre (clinical director), P. Nordstrom (a nurse practitioner), B. Sherwood (a physician's assistant), and Sonnier (a physician's assistant).

2

or omission occurred. 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. Johnston, 85 F.3d at 219. Accordingly, Bryant's claim of negligent medical care should be evaluated in accordance with Louisiana tort law.

To prevail on a negligence claim under La. Civil Code arts. 2315 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). Brown v. Lee, 94-104 (La.App. 5 Cir. 7/13/94), 639 So.2d 897, 898-899, writ den., 94-2127 (La. 11/18/94), 646 So.2d 378, citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Fowler v. Roberts, 556 So.2d 1, 4 (La. 1989); Scott v. State, 618 So.2d 1053 (La. App. 1st Cir.), writ den., 620 So.2d 881 (La. 1993). Also, La.C.C. art. 2315.

La.R.S. 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana law for providing for the medical needs of inmates is that those services be *reasonable*. Elsey v. Sheriff of Parish of East Baton

Rouge, 435 So.2d 1104 (La. App. 1st Cir.), writ den., 440 So.2d 762 (La. 1983). Also, Cole v. Acadia Parish Sheriff's Dept., 07-1386, (La. App. 3d Cir. 11/5/08), 998 So.2d 212, writ den., 2008-2875 (La. 2/6/09), 999 So.2d 784.

The United States contends that Bryant's suit falls under the Louisiana Medical Malpractice Act and that he has failed to designate a medical expert and provide the expert's report, as required under the MMA (Doc. 23).

Defendants argue that Bryant has not provided the opinion of an expert witness to prove his case, as required for a medical malpractice action in Louisiana, pursuant to La.R.S. 9:2794(A). The Louisiana Supreme Court has held, in Pfiffner v. Correa, 04-0924, 04-0963, 04-0992 (La. 10/17/94), 643 So.2d 1228, 1230, that a plaintiff can prevail in a medical malpractice action when he does not introduce an expert witness to testify as to the applicable standard of care, its breach, and causation. As a general rule, a plaintiff can prevail under such circumstances when a defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts. Also, Schultz v. Guoth, 2010-CC-0343 (La. 1/19/2011), __So.3d__, 2011 WL 150222.

Therefore, it is not absolutely necessary for Bryant to have an expert medical witness. If evidences show that negligence can be inferred from the facts by the jury, it will not be necessary

4

Bryant to retain an expert.[4] Since defendant's argument that Bryant's case should be dismissed because he does not yet have an expert medical witness is meritless, defendant's motion for summary judgment (Doc. 20) should be denied. Compare, <u>Davis v. Federal Bureau of Prisons</u>, 2009 WL 5083404, *2 (W.D.La. 2009).

The defendant further argues in its reply brief (Doc. 23) that Bryant has responded (Doc. 22) that Dr. Lowentritt will be his expert. Defendant argues that a summary judgment is still appropriate because Bryant has failed to submit a report from Dr. Lowentritt within the delays allowed for discovery. However, Bryant *only* stated that he *would like to have Dr. Lowentritt as his medical expert*. Dr. Lowentritt performed Bryant's surgery (Doc. 23, pp. 34-35/84). Therefore, defendant's argument concerning Bryant's failure to produce a an expert medical report is equally meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. 20) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

---

[4] A review of the medical records submitted by the United States appears to indicate that from the time Bryant first complained of testicular pain in July 2006, Bryant was not examined, diagnosed, or treated by a doctor until September 4, 2007, when Dr. Villalon examined Bryant and ordered diagnostic tests and an ultrasound (Doc. 23, pp. 3/84 - 17/84).

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of February, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE