

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE BRYANT | CIVIL ACTION NO. 1:09-cv-1222 |
| -vs- | JUDGE DRELL |
| WARDEN J. KEFFER, et al. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before us is the Report and Recommendation of the Magistrate Judge (Doc. 24) recommending that Defendant's motion for summary judgment (Doc. 20) be denied. Defendant has timely objected. Based on those objections, we adopt the Report with the following modifications:

First, Defendant objects that "[c]ontrary to . . . the Court's report . . . Plaintiff did receive appropriate medical care. . . ." (Doc. 25, p. 1). We agree that the Report may have been unclear on this point, but we find its substance accurate. Specifically, Plaintiff did receive medical care after first reporting his condition. However, it was arguably not the *appropriate* care, as he received antibiotics for an apparently misdiagnosed different condition rather than treatment for his cancer.

Moreover, Plaintiff's claims of negligence are not limited to his lack of treatment; he also alleges that medical personnel ignored and failed to document his condition. Specifically, he alleges that he repeatedly complained of testicular pain after August 2006 and each time was rebuffed, told by medical staff that his condition was due to his sexual behavior, that everything seemed fine, or that he "would not be pulled out and taken to medical [just] to show my private parts." (Doc. 1, p. 5). Defendant counters by noting that Plaintiff's medical records contain no documentation of such complaints. This is obviously a factual dispute incapable of resolution on summary judgment.

Second, Defendant objects that the Magistrate applied an incorrect standard of care, using a general reasonableness standard based on La. R.S. 15:751 rather than that specific to medical malpractice. We agree that the challenged statute is inapplicable. It provides a standard for judging the medical care provided by state prison facilities, such as whether a particular jail should have had a particular piece of medical equipment. It does not alter the standard of care for private medical practitioners, which is the appropriate standard here. However, we find this to be a distinction without a difference, at least for the present motion, as neither the Magistrate nor this Court make any findings to which it could be relevant. Accordingly, while we note that, going forward, the appropriate standard should be that urged by Defendant in its brief, (Doc. 25, p. 4), we nonetheless adopt the Magistrate's analysis and conclusions.

Finally, Defendant objects to Plaintiff's failure to provide expert testimony to support his claims. We agree with the Magistrate's resolution of this issue. However, we recognize the need for clarity on this point going forward and so will address it in a separate order to the Magistrate.

Otherwise, after an independent review of the record, including Defendant's objections, we have determined that the relevant findings and recommendations stated in the Magistrate's Report and Recommendation previously filed herein are correct, subject to the above modifications:

IT IS ORDERED that Defendant's motion for summary judgment (Doc. 20) be DENIED.

SIGNED on this 3RD day of March 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE