RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _10 / 2 / 11_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TERRANCE BRYANT,
        Plaintiff

VERSUS

WARDEN J. KEFFER,[1] et al.,
        Defendants

CIVIL ACTION
SECTION "P"
1:09-CV-01222

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed by Terrance Bryant ("Bryant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), on July 20, 2009 (Docs. 1, 6). The sole remaining defendant is the United States, and the sole remaining claim is Bryant's FTCA claim.[2] Bryant contends the employees of the United States Bureau of Prisons were negligent, deliberately indifferent to his serious medical needs, and denied him appropriate medical care while he was

---

[1] In his complaint, Bryant misspelled "Keffer" as "Keefer."

[2] Bryant's Bivens claims were dismissed with prejudice, as well as his claims against all of the individual defendants (Doc. 5). The individual defendants named in Bryant's Bivens suit were Warden J. Keffer (warden of the United States Penitentiary at Pollock, Louisiana (USP-Pollock)), Warden J.P. Young (warden of the Federal Detention Center at Oakdale, Louisiana ("FDC-Oakdale")), J. Alexandre (clinical director), P. Nordstrom (a nurse practitioner), B. Sherwood (a physician's assistant), and Sonnier (a physician's assistant).

housed in FDC-Oakdale and USP-Pollock (both in Louisiana).  Bryant contends his testicular cancer was misdiagnosed and improperly treated at both USP-Pollock and FDC-Oakdale, resulting in the amputation of his right testicle.  Bryant is presently confined in the FCI-Beaumont Medium in Beaumont, Texas.   For relief, Bryant asks for monetary damages, legal fees, court-appointed counsel, punitive damages, and a jury trial (Doc. 1).

Bryant claims that he has exhausted his administrative remedies.  The defendant answered the complaint (Doc. 14) and has filed a second motion for summary judgment (Doc. 28) which is now before the court for disposition.

<u>Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts

submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

3

Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

<u>Summary of Pertinent Facts</u>

In the case at bar, the allegations in Bryant's complaint show his testicular cancer was misdiagnosed by United States government health care professionals at least as early as June 2006, when Bryant complained of testicular pain while in federal custody in Waco, Texas.

According to the allegations in defendant's brief on summary judgment (Doc. 28), Bryant complained of right testicular pain at USP-Pollock in August 2006 and was treated with antibiotic for inflammation.   In August 2007, Bryant was transferred to FDC-Oakdale.   In September 2007, Bryant complained of a testicular mass, was again treated with antibiotic, and an ultrasound was ordered.  Bryant had two follow-up appointments in October 2007 and was found to be in no distress.   Bryant was transferred back to USP-Pollock in November 2007.  During a November 2007 appointment, a 1 cm mass was found.  The ultrasound administered on November 6, 2007 showed a small (5-9 mm) testicular mass.  Bryant was sent to an outside urologist, Dr. Villalon, who ordered an MRI, which confirmed the mass.  In December 2007, Dr. Villalon recommended a right radical orchiectomy to remove the testicle, and that surgery was performed in January 2008.  A pathology report showed the mass was cancerous (a 3 cm seminoma) but a CT scan showed it had not metastasized (Doc. 28).

## Law and Analysis

Generally, all evidence submitted in support of or in opposition to a motion for summary judgment is subject to the same rules governing the admissibility of evidence at trial. With several exceptions, all relevant evidence is admissible. Relevant evidence is that which has a tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. Irrelevant evidence is inadmissible. Hearsay is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Subject to certain enumerated exceptions, hearsay is inadmissible. Affidavits or declarations submitted in conjunction with motions for summary judgment must meet the standards of Fed.R.Civ.P. 56(c)(4) in that such statements must be made on personal knowledge and set out facts that would be admissible in evidence. Scott v. Turner Industries Group, LLC, 2011 wl 5023842, *1 (M.D.La. 2011), and cases cited therein; F.R.E. rules 401, 402, 801, 802.

In the case at bar, defendant submitted a copy of a letter to defense counsel from Dr. Wang as an "expert medical report." Since Dr. Wang's letter is not an affidavit or declaration, is not a deposition, is not testimony given under oath, and does not constitute a medical record kept in the normal course of treatment, thereby qualifying as a business record exception to the hearsay

rule, Dr. Wang's letter is hearsay and will not be considered in defendant's motion for summary judgment.   See <u>Scott</u>, 2011 wl 5023842, *7.

Defendant also submitted an affidavit by Public Health Officer Spencer T. Smith, which purports to summarize all of the medical care provided to Bryant in regards to his testicular pain and cancer.   A certified copy of Bryant's medical records is not attached to defendant's motion, nor are the medical records located anywhere else in the record of this case.   Since defendant has not established a foundation for submission of a summary of the medical records instead of the medical records themselves, pursuant to F.R.E. rule 1006, Smith's affidavit also will not be considered insofar as it purports to summarize Bryant's medical records.

Defendant submitted only two pieces of evidence with its motion for summary judgment-Dr. Wang's letter and Smith's affidavit.   Since Dr. Wang's letter cannot be considered by the court, and Smith's affidavit offers nothing but a summary of Bryant's medical records, which is also not being considered by the court, defendant's motion for summary judgment if left unsupported.

Unsupported allegations are insufficient to either support or defeat a motion for summary judgment.   <u>McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.</u>, 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995), citing <u>Galindo v. Precision American Corp.</u>, 754 F.2d 1212, 1216 (5th Cir. 1985).

Also, <u>Newkirk v. Keyes Offshore, Inc.</u>, 782 F.2d 499, 502 (5th Cir. 1986). Since the defendant has not carried its initial burden of identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, the defendant is not entitled to a summary judgment in its favor and its motion for summary judgment should be denied.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. 28) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2~~

~~November~~ 2011.
day of December

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8